# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

FILED BY ___AP___ D.C.

Apr 12, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

For rules and forms visit
www.ca11.uscourts.gov

April 12, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-14304-AA
Case Style: Douglas Young v. USA
District Court Docket No: 1:19-cv-23381-UU
Secondary Case Number: 1:11-cr-20700-UU-2

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 19-14304

_____

District Court Docket No.
1:19-cv-23381-UU

DOUGLAS YOUNG,

                              Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                              Respondent - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 16, 2021
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14304
Non-Argument Calendar
_____

D.C. Docket Nos. 1:19-cv-23381-UU; 1:11-cr-20700-UU-2

DOUGLAS YOUNG,

                                                                                                     Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                                                                     Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 16, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Douglas Young, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion for lack of jurisdiction on the ground that it was an impermissibly second or successive motion. In that motion, Young argued that his 18 U.S.C. § 924(c) conviction is invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] The government moves for summary affirmance, arguing that the district court properly dismissed Young's § 2255 motion because Young had filed previously an initial § 2255 motion which was denied, and he did not have authorization from this Court to file a second or successive § 2255 motion.

Summary disposition is appropriate either where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"We review de novo the district court's dismissal of a 28 U.S.C. § 2255 motion as second or successive." *McIver v. United States*, 307 F.3d 1327, 1329

---

[1] In *Davis*, the Supreme Court extended its holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) to 18 U.S.C. § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in 18 U.S.C. § 924(e)(2)(B) and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324–25, 2336. Thereafter, we held that *Davis* announced a new rule of constitutional law within the meaning of § 2255(h)(2) and was retroactively applicable. *See In re Hammoud*, 931 F.3d 1032, 1038–39 (11th Cir. 2019).

(11th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, before a movant may file a second or successive § 2255 motion, he first must obtain an order from the court of appeals authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive motion to vacate sentence. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Young pleaded guilty in 2011 to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Young filed his initial § 2255 motion in April 2019, which was ultimately dismissed as time-barred. Thereafter, Young sought permission in this Court to file a second or successive § 2255 motion, challenging his § 924(c) conviction based on *Davis*. We denied Young's application, concluding that he could not make a *prima facie* showing that his § 924(c) conviction was unconstitutional under *Davis* because it was independently supported by the substantive offense of Hobbs Act robbery, which remained a qualifying offense under § 924(c)'s elements clause.

Meanwhile, Young filed the underlying § 2255 motion in the district court that is the subject of this appeal. Young did not have the required authorization from this Court to file a second or successive § 2255 motion. *See* 28 U.S.C.

§ 2244(b)(3)(A). Therefore, the district court lacked jurisdiction to consider Young's motion. *See id.*; *Farris*, 333 F.3d at 1216. Accordingly, because there is no substantial question that the district court correctly dismissed Young's successive § 2255 motion for lack of jurisdiction, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 16, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-14304-AA
Case Style: Douglas Young v. USA
District Court Docket No: 1:19-cv-23381-UU
Secondary Case Number: 1:11-cr-20700-UU-2

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion